UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

TERRY M. NEWKIRK,

    Petitioner,

v.                                                   Case No. 3:21cv984-MCR-HTC

SECRETARY FLORIDA DEPARTMENT
 OF CORRECTIONS,

    Respondent.

_____/

## ORDER AND REPORT AND RECOMMENDATION

Petitioner, Terry M. Newkirk, proceeding *pro se*, filed a petition under 28 U.S.C. § 2254, challenging his conviction in the circuit court of Escambia County, Florida, in 2015 CF 5135. ECF Doc. 1. The matter was referred to the undersigned Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B). The petition was served on the Respondent, who filed a motion to dismiss the petition as untimely on March 22, 2022. ECF Doc. 12 (with exhibits). The Petitioner filed an opposition to the motion to dismiss on April 20, 2022. ECF Doc. 14. Having considered the petition, the motion to dismiss, the response and the exhibits, the undersigned respectfully recommends that the petition be dismissed as untimely without an evidentiary hearing

## I. ANALYSIS

Pursuant to the requirements set forth in 28 U.S.C. § 2244, as amended by the AEDPA, a § 2254 petition must be filed within one-year of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).[1] The one-year time period is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).

Additionally, the United States Supreme Court has held that the AEDPA's statutory limitations period may be tolled for equitable reasons. *Holland v. Florida* (*Holland II*), 560 U.S. 631, 645 (2010). However, "equitable tolling is an extraordinary remedy 'limited to rare and exceptional circumstances and typically applied sparingly.'" *Cadet v. Florida Department of Corrections*, 853 F.3d 1216, 1221 (11th Cir. 2017) (quoting *Hunter v. Ferrell*, 587 F.3d 1304, 1308 (11th Cir. 2009)).

As discussed below, the undersigned agrees with Respondent that the petition is untimely, having been filed more than one year after Petitioner's judgment of

---

[1] Although there are other "trigger" dates under the AEDPA, none of those apply here. *See* 28 U.S.C. § 2244(d)(1)(B)-(D).

conviction and sentence became final (excluding any tolled time).  The undersigned also finds equitable tolling to be inapplicable.

### A. The Federal Petition Was Not Filed Within the AEDPA One-Year Limit

A grand jury in the First Judicial Circuit indicted Petitioner on two counts of first-degree premeditated or felony murder with a weapon.  *See* Escambia County, Florida, in 2015 CF 5135.  ECF Doc. 12-1.  A jury found Petitioner guilty on February 15, 2017, and on February 20, 2017, the circuit court entered a judgment and sentence of two concurrent life sentences.  ECF Doc. 12-11 at 3.

Petitioner, through counsel, filed a direct appeal to the First District Court of Appeal ("First DCA").  *See* Case No. 1D17-1110; ECF Doc. 12-3 at 2.  That appeal was pending until the First DCA affirmed *per curiam* and without a written opinion on August 7, 2018.  ECF Doc. 12-6 at 3.  Petitioner did not seek review of the First DCA's decision from the Florida or United States Supreme Courts, ECF Doc. 1 at 2-3, so his conviction became final ninety (90) days after the date of the affirming opinion, or on Monday, November 5, 2018.  *See Bond v. Moore*, 309 F.3d 770, 773–74 (11th Cir. 2002) (holding that if a state prisoner does not seek Supreme Court review, his or her conviction becomes final when the 90-day period to file a petition for certiorari expires).  Therefore, under the AEDPA one-year clock, Petitioner had until Tuesday, November 5, 2019, to file a federal petition, unless the time was tolled by a properly pending post-conviction motion.

Case No. 3:21cv984-MCR-HTC

On May 24, 2019, two hundred (200) days after the judgment became final, Petitioner filed a Motion for Postconviction Relief in state court.² ECF Doc. 12-7. That motion was continuously pending (and tolled the AEDPA clock) until the circuit court denied the motion (as amended) on May 14, 2020. ECF Doc. 12-10. Petitioner did not appeal the circuit court's denial of the post-conviction motion within thirty (30) days of the judgment.³ ECF Doc. 12-11.

Instead, on July 23, 2020, Petitioner filed a petition for belated appeal with the First DCA. ECF Doc. 12-12. That petition, however, *did not* toll the AEDPA clock because it was not properly filed. On October 27, 2020, the First DCA dismissed the petition for belated appeal for Petitioner's failure to comply with a court order (namely to file an amended petition). ECF Doc. 12-13. Petitioner then filed a motion for reconsideration, which the appellate court treated as a motion to reinstate. ECF Doc. 12-15. Although the First DCA denied that motion, it left open the opportunity for Plaintiff to file a "renewed motion to reinstate that is accompanied by a complete amended petition for belated appeal". ECF Doc. 12-15. Petitioner, however, did not do so. *Id.* (finding that the "'amended belated notice of appeal' filed therewith is not a complete amended petition and does not comply with

---

² May 24, 2019, is the date Petitioner delivered the motion to prison mail officials. *See* Habeas Rule 3(d) and *Houston v. Lack*, 487 U.S. 266, 275-76 (1988) (Under the "prison mailbox rule," a pro se prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing.).
³ *See* Fla. R. Crim. P. 3.850(k) ("defendant has the right to appeal within 30 days of the rendition of the order" denying his postconviction motion).

Case No. 3:21cv984-MCR-HTC

the Court's order . . . and does not cure the deficiency for which the case was dismissed."). Because the petition was dismissed for a procedural defect, it was never properly filed and, thus, insufficient to toll the AEDPA clock. A properly-filed application is defined as one whose "delivery and acceptance are in compliance with the applicable laws and rules governing filings," which generally govern such matters as the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee. *Artuz v. Bennett*, 531 U.S. 4 (2000) (overruling *Weekley v. Moore*, 204 F.3d 1083 (11th Cir. 2000)).

Regardless, even if the petition for belated appeal had been properly filed, it still could not toll the AEDPA clock, because it was denied. *Espinosa v. Sec'y, Dep't of Corr.*, 804 F.3d 1137, 1142 (11th Cir. 2015) ("When the state appellate court denied Espinosa's petition for belated appeal, it never considered the merits of his underlying claims. Espinosa's petition for belated appeal never triggered a reexamination of his conviction or sentence and, as a result, failed to toll the federal limitation period. Espinosa's federal habeas petition was untimely.")

Aside from this petition for belated appeal, Petitioner did not file any other post-conviction motions. Thus, the AEDPA clock ran again on June 15, 2020, after the appeal deadline had run on the post-conviction motion, and expired 165 days later, on November 27, 2020. Petitioner did not file his federal petition until August

20, 2021,[4] ECF Doc. 1 at 1, almost nine months too late. The petition is, therefore, untimely.

## B. Petitioner Is Not Entitled to Equitable Tolling

Petitioner argues in his response that "equitable tolling of the statute of limitations is warranted" because the federal petition was "unintentionally filed late in good faith." ECF Doc. 14 at 2. He also argues "the delay was caused by State appointed Counsel, cause for and actual prejudice from the default, objective factor external to the Petition that pre[v]ented him from raising the claim in a timely manner." *Id.* at 3. Petitioner, however, provides no factual support for these conclusory allegations.

As stated above, "equitable tolling is an extraordinary remedy, ... limited to rare and exceptional circumstances and typically applied sparingly." *Hunter v.*, 587 F.3d at 1308. A habeas petitioner is entitled to equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland*, 560 U.S. at 649 (2010). "The petitioner bears the burden of showing that equitable tolling is warranted." *Hunter*, 587 F.3d at 1308.

---

[4] In their submissions, both Respondent and Petitioner identify the date the instant petition was filed as November 2, 2021, ECF Doc. 12 at 4; ECF Doc. 14 at 2. That date is incorrect, however. The face of the petition shows it was received by prison mail officials on August 20 and was docketed on August 25. ECF Doc. 1.

Case No. 3:21cv984-MCR-HTC

Petitioner has not met that burden here.  Petitioner argues he was diligent in filing the post-conviction motion but fails to address his lack of diligence in filing an appeal of the order denying that motion.  Petitioner does not explain why the appeal was untimely in the first place or why he failed to file a proper appeal after being given an opportunity to do so by the First DCA.  Thus, the undersigned finds no facts to show Petitioner diligently pursued his rights.

Petitioner also attempts to meet the extraordinary circumstances prong by arguing that a "Florida procedur[al] rule which does not allow criminal Defendants th[e] opportunity to raise his claim of ineffective assistance of Trial Counsel on direct appeal" was an extraordinary circumstance which "cause[d] the delay for Petitioner to file his Federal Habeas Corpus on time."  ECF Doc. 14 at 4.  The undersigned finds this argument to be unavailing.

A petitioner must establish a "causal connection" between the alleged circumstance and the untimely filing of the motion to amend.  *San Martin v. McNeil*, 633 F.3d 1257, 1267 (11th Cir. 2011) ("As for the 'extraordinary circumstance' prong, like the Supreme Court's articulation in *Holland*, we too have required a defendant to show a causal connection between the alleged extraordinary circumstances and the late filing of the petition.").  The fact that Petitioner had to wait until after his direct appeal to file a motion challenging the effectiveness of counsel did not cause any delay in this case.

First, the AEDPA one-year limit does not even begin to run until after the direct appeal of the judgment and conviction is final. Second, the filing of a 3.850 motion tolls the running of the one-year limit. Thus, Petitioner has not shown that Florida's rule that ineffectiveness of counsel claims be raised on a postconviction challenge caused any delay in filing the federal petition.

Finally, Petitioner appears to argue his lack of legal knowledge and experience is an extraordinary circumstance justifying equitable tolling. ECF Doc. 14 at 4-5. He argues, for example, that he mistakenly believed he had until 1 year after the appellate court affirmed the denial of the 3.850 motion to file this habeas action. *Id.* at 4. However, lack of legal training or a general ignorance or confusion regarding the law is not an "extraordinary circumstance" warranting equitable tolling. *Rivers v. United States*, 416 F.3d 1319, 1323 (11th Cir. 2005); *Felder v. Johnson*, 204 F.3d 168, 171–73 (5th Cir. 2000); *Perez v. Florida*, 519 F. App'x 995, 997 (11th Cir. 2013).

In sum, Petitioner has not met his burden of showing that his situation is the rare case in which equitable tolling is warranted. *See id.*

## II.   CONCLUSION

For the above reasons, the petition is untimely and the Respondent's motion to dismiss should be GRANTED.

### A. Evidentiary Hearing

The undersigned finds that an evidentiary hearing is not warranted. In deciding whether to grant an evidentiary hearing, this Court must consider "whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007). Upon consideration, the undersigned finds that the claims in this case can be resolved without an evidentiary hearing because the petition is untimely. *See Schriro*, 550 U.S. at 474.

### B. Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides: "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." If a certificate is issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." 28 U.S.C. § 2254 Rule 11(a). A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. 28 U.S.C. § 2254 Rule 11(b).

After review of the record, the Court finds no substantial showing of the denial of a constitutional right. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is

also recommended that the district court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Rule 11(a), Rules Governing Section 2254 Cases.  If there is an objection to this recommendation by either party, that party may bring such argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully RECOMMENDED:

1. That the Motion to Dismiss (ECF Doc. 12) be GRANTED, and the Petition (ECF Doc. 1) be DISMISSED WITH PREJUDICE as untimely.

2. That a Certificate of Appealability be DENIED.

3. That the clerk be directed to close the file.

At Pensacola, Florida, this 5th day of May, 2022.

/s/ Hope Thai Cannon
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed **within fourteen (14) days** of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u>  An objecting party must serve a copy of its objections

upon all other parties.  A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.